JaVonne M. Phillips, Esq. SBN 187474
Kelly M. Raftery, Esq., SBN 249195
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA  92101
Phone (619) 685-4800
Fax (619) 685-4810

Attorney for: Secured Creditor,
EMC Mortgage Corporation as servicing agent for Bank of America National Association as
successor by merger to LaSalle Bank National Association as Trustee for Certificateholders of
EMC Mortgage Loan Trust 2004-C Mortgage Loan Pass-Through Certificates Series 2004-C,
assigns and/or successors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) Case No.  08-54753 M |
| | ) |
| Ralf Horn, | ) Chapter   11 |
| | ) |
| | ) RS No.    KMR-2628 |
| | ) |
| | ) **EXHIBITS TO MOTION FOR RELIEF** |
| Debtor. | ) **FROM AUTOMATIC STAY** |
| | ) |
| | ) Date:   05/06/2009 |
| | ) Time:  2:00 PM |
| | ) Ctrm:  3070 |
| | ) Place:  280 S. First Street |
| | )          San Jose, CA |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

///

///

Case: 08-54753    Doc# 37-3    Filed: 04/09/09    Entered: 04/09/09 22:39:46    Page 1 of 63

4862627843

SUBMITTED FOR RECORDATION
BY AND RETURN TO:

LOAN #0062627848 (12)

BANK OF AMERICA
CENTRALIZED SHIPPING #25037
6200 GATEWAY
CYPRESS, CA  90630-6013

DOCUMENT: 14167775 | Titles:1 / Pages: 12

Fees.... 42.00
Taxes...
Copies..
AMT PAID 42.00

*0014167775*

BRENDA DAVIS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Old Republic Title Company

RDE # 009
5/04/1998
8:00 AM

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on APRIL 28, 1998    . The trustor is
RALF HORN AND SUZANNE M. HORN

("Borrower"). The trustee is EQUITABLE DEED COMPANY, A CALIFORNIA CORPORATION

("Trustee"). The beneficiary is BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, A
NATIONAL BANKING ASSOCIATION
which is organized and existing under the laws of THE UNITED STATES OF AMERICA    , and whose
address is 1655 GRANT ST. BLDG A, 7TH FLR, CONCORD, CA 94520
("Lender"). Borrower owes Lender the principal sum of
TWO MILLION FIVE HUNDRED THOUSAND AND 00/100

Dollars (U.S. $ 2,500,000.00 ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on MAY 01, 2028    . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in SANTA CLARA    County, California:
"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF."

x _____
x _____
Please
Initial

which has the address of 233 FORRESTER ROAD, LOS GATOS    [Street, City],
California 95032    [Zip Code] ("Property Address");

CALIFORNIA-Single Family-FNMA/FHLMC UNIFORM
INSTRUMENT Form 3005  9/90
—6H(CA) (9403).03    Amended 12/93
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 8    Initials: _____

CVCA 04/28/98 12:28 PM 0062627848

EMC
IMAGED

EXHIBIT 1

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

Case: 08-54753    Doc# 37-3    Filed: 04/09/09    Entered: 04/09/09 22:39:46    Page 3 of 63

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required,

Case: 08-54753   Doc# 37-3   Filed: 04/09/09   Entered: 04/09/09 22:39:46   Page 4 of 63

at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

Case: 08-54753    Doc# 37-3    Filed: 04/09/09    Entered: 04/09/09 22:39:46    Page 5 of 63

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

-6H(CA) (9403).03
CVCA 04/28/98 12:28 PM 0062627848

Form 3005   9/90
Initials: _____

Case: 08-54753    Doc# 37-3    Filed: 04/09/09    Entered: 04/09/09 22:39:46    Page 6 of 63

**22. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

**23. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**24. Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**26. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
| [ ] Graduated Payment Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |
| [ ] VA Rider | [ ] Other(s) [specify] | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
RALF HORN                        –Borrower

_____ (Seal)
SUZANNE M. HORN                  –Borrower

_____ (Seal)    _____ (Seal)
                    –Borrower                                 –Borrower

State of California
County of Santa Clara            } ss.

On    April 28, 1998    before me,    Sandra L. Rose, notary public
                                                         personally appeared
Ralf Horn and Suzanne M. Horn
                                                ~~personally known to me~~ (or
proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ (Seal)

SANDRA L. ROSE
COMM. #1076256
NOTARY PUBLIC-CALIFORNIA
SANTA CLARA COUNTY
My Comm. Expires Dec. 15, 1999

–6H(CA) (9403).03    Page 6 of 6    Form 3005    9/90
CVCA 04/28/98  12:28 PM 0062627848

PARCEL ONE:

BEGINNING AT A ONE INCH PIPE AT THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8 SOUTH, RANGE 1 WEST, M.D.B. & M., SAID ONE INCH PIPE BEING AT THE NORTHEAST CORNER OF THAT CERTAIN TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, RECORDED MAY 25, 1916, IN BOOK 444 OF DEEDS, PAGE 41, SANTA CLARA COUNTY RECORDS; AND RUNNING THENCE ALONG THE NORTH LINE OF SAID TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, SOUTH 89° 52' EAST 279.50 FEET TO A ONE INCH PIPE IN THE CENTER LINE OF A 20.00 FOOT RIGHT OF WAY HEREINAFTER DESCRIBED; THENCE ALONG THE CENTER LINE OF SAID 20.00 FOOT RIGHT OF WAY, SOUTH 1° 19' EAST 720.12 FEET TO A 3/4 INCH IRON BAR; THENCE CONTINUING ALONG SAID CENTER LINE, SOUTH 88° 53' WEST 210.93 FEET TO A 3/4 INCH IRON BAR; THENCE CONTINUING ALONG SAID CENTER LINE, NORTH 74° 28' WEST 94.14 FEET TO A 3/4 INCH IRON BAR IN THE WEST LINE OF SAID TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES; THENCE ALONG SAID WEST LINE, NORTH 0° 26' EAST 699.4 FEET TO THE POINT OF BEGINNING.

BEING A PORTION OF SAID TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, RECORDED MAY 25, 1916, IN BOOK 444 OF DEEDS, PAGE 41, AND BEING A PART OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8 SOUTH, RANGE 1, WEST, M.D.B. & M.

PARCEL TWO:

RIGHT OF WAY 20 FEET IN WIDTH FOR THE PURPOSES OF INGRESS AND EGRESS, AND FOR PUBLIC UTILITIES, THE CENTER LINE OF WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT A 3/4 INCH IRON BAR IN THE WEST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE DAVIES, RECORDED MAY 25, 1916, IN BOOK 444 OF DEEDS, PAGE 41, SANTA CLARA COUNTY RECORDS, SAID POINT OF BEGINNING BEING NORTH 0° 26' EAST 596.2 FEET FROM THE SOUTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8 SOUTH, RANGE 1 WEST, M.D.B. & M., AND RUNNING THENCE SOUTH 74° 28' EAST 94.14 FEET TO A 3/4 INCH IRON BAR; THENCE NORTH 88° 53' EAST 210.93 FEET TO A 3/4 INCH IRON BAR; THENCE NORTH 1° 19' WEST 720.12 FEET TO A ONE INCH IRON PIPE IN THE NORTH LINE OF SAID LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, SAID LAST MENTIONED POINT BEING SOUTH 89° 52' EAST 279.5 FEET FROM THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8, SOUTH, RANGE 1 WEST, M.D.B. & M., SANTA CLARA COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL ONE HEREINABOVE DESCRIBED.

PARCEL THREE:

A RIGHT OF WAY 20 FEET IN WIDTH, GRANTED IN THE DEED TO GEORGE DAVIES, RECORDED SEPTEMBER 5, 1929, IN BOOK 485, OFFICIAL RECORDS, PAGE 23, SANTA CLARA COUNTY RECORDS, THE CENTER LINE OF WHICH IS DESCRIBED AS FOLLOWS:

x _____
x _Smit_

**Please Initial**

BEGINNING AT A POINT IN THE MIDDLE OF THE KENNEDY ROAD WHICH BEARS S. 83° 3' E. 11.0 FEET FORM THE WEST LINE OF THE LANDS DESCRIBED FROM AMELIA TAYLOR ET VIR TO OSCAR E. SHRADER ET AL IN BOOK 38 OF OFFICIAL RECORDS, PAGE 275, RECORDS OF SANTA CLARA COUNTY, CALIFORNIA, AND FROM SAID POINT OF BEGINNING AN APPLE TREE BEARS S. 41° 15' W. 31.54 FEET AND A WILLOW TREE BEARS S. 40° E. 25.52 FEET; AND RUNNING THENCE FROM SAID POINT OF BEGINNING, PARALLEL TO AND 11 FEET EASTERLY FROM SAID WEST LINE N. 7° 30' E. 500.0 FEET TO A POINT IN THE MIDDLE OF THE THIRD AND FOURTH ROW OF PRUNE TREES RUNNING EAST AND WEST, SAID POINT BEING S. 80° 27' W. 11.01 FEET FROM AN IRON PIPE IN THE WEST LINE OF SAID LAND DEEDED BY TAYLOR TO SHRADER ET AL SAID IRON PIPE BEING S. 7° 30' W. 692.4 FEET FORM THE NORTHWEST CORNER OF SAID LAND DEEDED TO SHRADER ET AL; THENCE RUNNING ALONG THE MIDDLE OF THE THIRD AND FOURTH ROW OF PRUNE TREES S. 80° 27' E. 524.19 FEET TO A POINT WHICH IS NORTHERLY 10.0 FEET FROM THE NORTH BANK OF A DITCH; THENCE MEANDERING ALONG A LINE WHICH IS 10.0 FEET NORTHERLY FROM THE NORTH LINE OF A DITCH N. 63° 33' 37.12 FEET; THENCE N. 80° 25' E. 183.95 FEET; THENCE N. 78° 01' E. 85.0 FEET; THENCE N. 88° 44' E. 175.5 FEET; THENCE S. 87° 66' E. 342.35 FEET; THENCE N. 86° 30' 218.5 FEET; THENCE S. 89° 09' E. 151.8 FEET MORE OR LESS TO LANDS OF GEO. A DAVIES SAID HEREIN DESCRIBED CENTERLINE BEING IN THE LANDS OF THE AFORE-MENTIONED LANDS DEEDED BY AMEILIA TAYLOR ET VIR TO OSCAR SHRADER ET AL SITUATED IN SECTION 23, T.8, S.R. 1 W.M.D.M., SANTA CLARA COUNTY, CALIFORNIA.

X _____
X _____
Please
Initial

A29

LOAN NUMBER: 0062627848

# ADJUSTABLE  RATE  NOTE

(Treasury Average Index - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

APRIL 28, 1998          LOS GATOS                    CA
    [Date]                          [City]                [State]
233 FORRESTER ROAD, LOS GATOS CA 95032
        [Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 2,500,000.00      (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, A NATIONAL BANKING ASSOCIATION

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of     5.875        %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3.   PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on   JUNE 01 1998      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on   MAY 01, 2028              , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   BANKAMERICA REAL ESTATE LOAN ADMINISTRATION #25027, P.O. BOX 6012, CYPRESS, CA 90630-0012
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $      14,788.45         . This amount may change.

MULTISTATE ADJUSTABLE RATE NOTE - 6/1 TREASURY AVERAGE - Single Family

BA041 (9507)

Page 1 of 5

ELECTRONIC LASER FORMS, INC. - (800)327-0545

**EMC IMAGED**

M41N 04/28/98 12:28 PM 0062627848

Case: 08-54753    Doc# 37-3    Filed: 04/09/09    Entered: 04/09/09 22:39:46    Page 10 of 63

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of    MAY                1999         , and on that day every    12TH        month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the twelve-month average of monthly yields on actively traded United States Treasury Securities, adjusted to a constant maturity of one year.

My index is calculated by adding together the yields of one-year Treasury Constant Maturities (as published in Federal Reserve Statistical Release G-13), for the preceding twelve months available as of the date 15 days before each Change Date, and dividing the result by twelve. The result of this calculation is called the "Current Index."

THE MOST RECENT INDEX FIGURE AVAILABLE ON THE DATE THIS NOTE WAS PREPARED IS  5.547%.

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding   THREE
                                           percentage point(s) (        3.000          %) to the Current Index. The Note Holder will then round the result of this addition to the next highest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 7.875           % or less than          3.875     %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than   TWO
                             percentage point(s) (           2.000 %) from the rate of interest I have been paying for the preceding   TWELVE     months. My interest rate will never be greater than   11.875            %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by

Case: 08-54753    Doc# 37-3    Filed: 04/09/09    Entered: 04/09/09 22:39:46    Page 11 of 63

law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I HAVE THE RIGHT TO MAKE PAYMENTS OF PRINCIPAL AT ANY TIME BEFORE THEY ARE DUE. A PAYMENT OF PRINCIPAL ONLY IS KNOWN AS A "PREPAYMENT." WHEN I MAKE A PREPAYMENT, I WILL TELL THE NOTE HOLDER IN WRITING THAT I AM DOING SO.

I MAY MAKE A FULL PREPAYMENT OR PARTIAL PREPAYMENT WITHOUT PAYING ANY PREPAYMENT CHARGE. THE NOTE HOLDER WILL USE ALL OF MY PREPAYMENTS TO REDUCE THE AMOUNT OF PRINCIPAL THAT I OWE UNDER THIS NOTE. IF I MAKE A PARTIAL PREPAYMENT, THERE WILL BE NO CHANGES IN THE DUE DATES OF MY MONTHLY PAYMENTS UNLESS THE NOTE HOLDER AGREES IN WRITING TO THOSE CHANGES. MY PARTIAL PREPAYMENT MAY REDUCE THE AMOUNT OF MY MONTHLY PAYMENTS AFTER THE FIRST CHANGE DATE FOLLOWING MY PARTIAL PREPAYMENT. HOWEVER, ANY REDUCTION DUE TO MY PARTIAL PREPAYMENT MAY BE OFFSET BY AN INTEREST RATE INCREASE.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      6.0     % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

BA041 (9507)                    Page 3 of 5

M41N 04/28/98 12:28 PM 0062627848

Case: 08-54753     Doc# 37-3     Filed: 04/09/09     Entered: 04/09/09 22:39:46     Page 12 of 63

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

 -BA041 (9507)

Page 4 of 5

M41N 04/28/98 12:28 PM 0062627848

Case: 08-54753    Doc# 37-3    Filed: 04/09/09    Entered: 04/09/09 22:39:46    Page 13 of 63

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.


_____ (Seal)
RALF HORN                                        -Borrower

_____ (Seal)
SUZANNE M. HORN                                  -Borrower

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

*(Sign Original Only)*


-BA041 (9507)                Page 5 of 5

M41N 04/28/98 12:28 PM 0062627848

Case: 08-54753   Doc# 37-3   Filed: 04/09/09   Entered: 04/09/09 22:39:46   Page 14 of 63

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE _____
   Bank of America, N.A.,

By_____

 **JPMorgan**

# Broker Price Opinion

☒ This is a Drive-By Inspection
☐ This is an Interior Inspection

| | |
|---|---|
| Date Ordered | 01/26/2009 |
| Loan Number | 12979469 |
| Loan Seq. No. | 2522282 |
| Project Name | |
| Request Type | |
| Order ID# | |
| Contact | |

## SUBJECT PROPERTY

| Property Address | City | State | Zip/Postal Code | Mortgagor's Name |
|---|---|---|---|---|
| 233 Forrester Rd | LOS GATOS | CA | 95032 | N/A |

Is the subject property currently listed or has it been listed in the past 12 months? ☐ Yes ☒ No    Listing Company _____

DOM: _____    Current List Price: $ _____    Date: _____

| Date Listed | Date Sold | List Price | Sale Price | Notes |
|---|---|---|---|---|
| 04/23/2003 | | 6200000 | | Expired |
| 12/12/2002 | | 8500000 | | Expired |
| 01/13/2003 | | 7895000 | | Cancelled |

RECOMMENDED INSPECTIONS: _____

**Property Type** ☒ SFR ☐ Condo ☐ Co-op ☐ PUD ☐ 2-4 ☐ Manufactured ☐ Other _____

**Occupancy** ☒ Owner ☐ Tenant ☐ Vacant ☐ Other _____    **Condition** ☒ Good ☐ Average ☐ Fair ☐ Poor

Potential Rent Amt **8000**

**Description:** A MINIMUM OF 50 WORDS REQUIRED (If needed attach addendum):

1. Subject Property
2. Ext Condition/Repair
3. Neighborhood

The subject property is a 5 bedroom, 4 bathroom detached single family residence. EXT CONDITION/REPAIR:The property has good curb appeal and good quality of construction. The home appears to be in good condition, and does not show any signs of damage to the exterior of the property NEIGHBORHOOD:The subject property is located in a quiet, well-maintained, isolated and desirable neighborhood. There are few properties in the area and most of the properties in the area have large lot sizes. There are no negative characteristics of the neighborhood that can affect the

Data Source: MLS Listings

| Subject Property | Style | Sq. Ft. | # Units | # Rms | # Bed | # Bath | Bsmt (%fin) | Garage | Lot Size | Yr. Built |
|---|---|---|---|---|---|---|---|---|---|---|
| | Spanish | 8085 | 1 | 12 | 5 | 4 | | 3.00 | 208652 Sq Ft | 1997 |

**Exterior Walls** ☐ Vinyl ☐ Brick ☒ Stucco ☐ Asbestos ☐ Shingle ☐ Concrete Block ☐ Other

## COMPARABLE SALES

USE COMPS LESS THAN 6 MONTHS OLD (IF IMPRACTICAL, LESS THAN 12 MONTHS)

| | Address | Style | Sq. Ft. | # Units | # Rms | # Bed | # Bath | Bsmt (%fin) | Garage | Lot Size | Yr.Built |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 16370 MATILIJA DR 95032 | Traditional | 7856 | 1 | 12 | 5 | 4 | | AG: 3.00 | 53143 | 2008 |
| 2. | 16299 COWELL RD 95032 | Contemporary | 6750 | 1 | 11 | 4 | 4 | | AG: 3.00 | 50965 | 2002 |
| 3. | 14411 SHANNON RD 95032 | Ranch | 3811 | 1 | 10 | 4 | 2.5 | | AG: 3.00 | 1112006 | 2003 |

| | Prox. to Subject (blk/mi) | Seller Conc | Agt/Broker Inspected? | Condition | | | | Sale Date | DOM | Orig. LP | LP @ Sale | Sale Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 3.4 | 0 | MLS | ☒ Good ☐ Average ☐ Fair ☐ Poor | | | | 9/2/2008 | 99 | 9450000 | 8445000 | 7200000 |
| 2. | .91 | 0 | MLS | ☒ Good ☐ Average ☐ Fair ☐ Poor | | | | 10/8/2008 | 30 | 8400000 | 8400000 | 7150000 |
| 3. | 1.51 | 0 | MLS | ☒ Good ☐ Average ☐ Fair ☐ Poor | | | | 3/29/2008 | 8 | 7900000 | 7900000 | 7700000 |

1. **Sale Type** ☒ Standard ☐ REO ☐ Short Sale ☐ Investor ☐ Auction    1. **Occupancy** ☒ Owner ☐ Tenant ☐ Vacant ☐ Other
2. **Sale Type** ☒ Standard ☐ REO ☐ Short Sale ☐ Investor ☐ Auction    2. **Occupancy** ☒ Owner ☐ Tenant ☐ Vacant ☐ Other
3. **Sale Type** ☒ Standard ☐ REO ☐ Short Sale ☐ Investor ☐ Auction    3. **Occupancy** ☒ Owner ☐ Tenant ☐ Vacant ☐ Other

1. **Ext Walls** ☐ Vinyl ☐ Brick ☒ Stucco ☐ Asbestos ☐ Shingle ☐ Concrete Block ☐ Other
2. **Ext Walls** ☐ Vinyl ☒ Brick ☐ Stucco ☐ Asbestos ☐ Shingle ☐ Concrete Block ☐ Other
3. **Ext Walls** ☐ Vinyl ☐ Brick ☒ Stucco ☐ Asbestos ☐ Shingle ☐ Concrete Block ☐ Other

In column 1, check the box Most Comparable (MC) to the Subject. In column 2, 3, and 4, check the boxes indicating equal (EQ), inferior (INF), or superior (SUP). In column 5, enter comments describing why the comparable is equal, inferior, or superior to the subject property.

| MC | EQ | INF | SUP | Comments |
|---|---|---|---|---|
| ☒ | ☒ | ☐ | ☐ | ** SEE ADDITIONAL FIELD TEXT ADDENDA ** |
| ☐ | ☐ | ☒ | ☐ | This fair market listing is inferior to the subject property in number of rooms. |
| ☐ | ☐ | ☒ | ☐ | This fair market listing is inferior to the subject property in GLA and number of rooms. |

## COMPARABLE LISTINGS

| | Address | Style | Ext Walls | Sq.Ft. | # Units | # Rms | # Bed | # Bath | Bsmt (%fin) | Garage | Lot Size | Yr.Built |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 15350 SUVIEW DR 95032 | Mediterranean | Stucco | 6650 | 1 | 12 | 5 | 4 | | AG: 2.00 | 55756 | 2008 |
| 2. | 18911 DECATUR RD 95032 | Traditional | Stucco | 9533 | 1 | 13 | 6 | 4 | | AG: 3.00 | 59677 | 1995 |
| 3. | 18157 WAGNER RD 95032 | Contemporary | Stucco | 7035 | 1 | 12 | 5 | 4 | | AG: 3.00 | 653400 | 2000 |

| | Prox. to Subject (blk/mi) | Owner, Tenant, Vacant, Other, Standard, REO, Short Sale, Investor, Auction | Seller Conc | Agt/Broker Inspected? | Agent Name | Agent Phone | Condition | List Date | DOM | Orig. LP | Current LP | Under Contract Y/N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | .66 | Owner | 0 | MLS | Jackie Hopkins | 4084820005 | Good | 7/7/2008 | 204 | 8500000 | 8500000 | No |
| 2. | 2.89 | Owner | 0 | Interior | John Faylor | 4087414744 | Good | 9/12/2008 | 137 | 6600000 | 6600000 | No |
| 3. | 1.93 | Owner | 0 | MLS | Jim Meech | 4087183116 | Good | 1/3/2008 | 390 | 6000000 | 6000000 | No |

Number of Competitive Listings in the Subject Property's neighborhood currently on the market: **118**

In column 1, check the box Most Comparable (MC) to the Subject. In column 2, 3, and 4, check the boxes indicating equal (EQ), inferior (INF), or superior (SUP). In column 5, enter comments describing why the comparable is equal, inferior, or superior to the subject property.

| MC | EQ | INF | SUP | Comments |
|---|---|---|---|---|
| ☒ | ☒ | ☐ | ☐ | ** SEE ADDITIONAL FIELD TEXT ADDENDA ** |
| ☐ | ☐ | ☐ | ☒ | This fair market listing is superior to the subject property in GLA. |
| ☐ | ☒ | ☐ | ☐ | ** SEE ADDITIONAL FIELD TEXT ADDENDA ** |

## NEIGHBORHOOD

Sales Price In This Subdivision: Low: **6750000**    High: **8000000**    Median: **7250000**

| Location: | ☐ Urban ☒ Suburban ☐ Rural | Economy: | ☐ Improving ☐ Stable ☒ Declining |
|---|---|---|---|
| Property Values: | ☐ Increasing ☐ Stable ☒ Declining | Crime: | ☒ Low ☐ High |
| Demand/Supply: | ☐ Shortage ☐ In Balance ☒ Over Supply | Schools: | ☐ Below Avg ☒ Average ☐ Above Avg |
| Marketing Time: | ☐ Under 3 Mos. ☒ 3-6 Mos. ☐ Over 6 Mos. | Avg. DOM: | 180 |
| New Construction: | ☐ Yes ☒ No | If Yes: ☐ Res. ☐ Comml. | Price Range: Low: $ _____ High: $ _____ |

Explain any functional/economic obsolescence: There are no noticeable functional or economic obsolescences to

Probable purchaser (First Time, Investor, etc.): Affluent Buyer

Probable Financing: ☐ Cash ☐ Rehab Loan ☒ Conventional ☐ Line of Credit

Identify any Positive or Negative site/location influences: See Neighborhood Comments

## VALUES

Values should be based on Average Marketing Time in Competing Areas.

| | | |
|---|---|---|
| AS IS VALUE: | 6400000 | Suggested AS IS List Price: 6500000 |
| 30 Day Liquidation Value: | 6250000 | Suggested Repaired List Price: 6500000 |
| Estimated Land Value: | 4100000 | |

Liquidation val. = Mortgage company selling a vacant foreclosed property in "AS IS" condition. REO value must be based on REO comps, active or sold, within 30 days of listing.

**EXHIBIT 2**

**BROKER**

Name: MARY GONZALEZ   Years of Experience: 4   Date Completed: 01/28/2009

Company Name: Coldwell Banker Platinum Group

Address: 3126 Shadow Springs Place

City: SAN JOSE   State: CA   Zip: 95121

Phone: 408-250-3843   Email:   License #: 01511281

Distance from Agents location to subject property: Blocks:   Miles: 9.28

**HOA**

Association Name:   Address:   City:   State:   Zip:

HOA Dues/Condo Fees:   Due Date:   Date of Last Payment:   Any Delinquencies?:

List any maintenance and utilities included:

List any legal issues:

**QUALITY**

Quality Assurance Comments Addendum: Reviewer Notes

** SEE ADDITIONAL FIELD TEXT ADDENDA **

**REPAIRS**

Estimated work to put the subject into "Repaired" condition (following FHA guidelines)

| Category | Comments | Lendable | Health/Safety | Maint. | Estimated Cost |
|---|---|---|---|---|---|
| Exterior Paint | | ☐ | ☐ | ☐ | |
| Siding/Trim Repair | | ☐ | ☐ | ☐ | |
| Exterior Doors | | ☐ | ☐ | ☐ | |
| Windows | | ☐ | ☐ | ☐ | |
| Garage | | ☐ | ☐ | ☐ | |
| Roof/Gutters | | ☐ | ☐ | ☐ | |
| Foundation | | ☐ | ☐ | ☐ | |
| Fencing | | ☐ | ☐ | ☐ | |
| Trashout/Landscaping | | ☐ | ☐ | ☐ | |
| Pool | | ☐ | ☐ | ☐ | |
| Other | | ☐ | ☐ | ☐ | |
| Other | | ☐ | ☐ | ☐ | |

Estimated Exterior Repairs: 0

| Category | Comments | Lendable | Health/Safety | Maint. | Estimated Cost |
|---|---|---|---|---|---|
| Interior Paint | | ☐ | ☐ | ☐ | |
| Wall & Ceiling Prep. | | ☐ | ☐ | ☐ | |
| Carpet | | ☐ | ☐ | ☐ | |
| Vinyl | | ☐ | ☐ | ☐ | |
| Electrical System | | ☐ | ☐ | ☐ | |
| Kitchen | | ☐ | ☐ | ☐ | |
| cont. | | ☐ | ☐ | ☐ | |
| Bathroom #1 | | ☐ | ☐ | ☐ | |
| Bathroom #2 | | ☐ | ☐ | ☐ | |
| Doors | | ☐ | ☐ | ☐ | |
| Heating - A/C | | ☐ | ☐ | ☐ | |
| Cleaning | | ☐ | ☐ | ☐ | |
| Other | | ☐ | ☐ | ☐ | |
| Other | | ☐ | ☐ | ☐ | |
| Other | | ☐ | ☐ | ☐ | |
| Other | | ☐ | ☐ | ☐ | |
| Other | | ☐ | ☐ | ☐ | |

Estimated Interior Repairs:

Suggested List: ☒ As Is   ☐ Repaired   Total Estimated Repairs:

**ADDENDA**

Description Addendum

Subject Property Description
Ext Condition/Repair
Neighborhood Description

Recent Sales Comments Addendum

Sold 1 Comments
Sold 2 Comments
Sold 3 Comments

Comparable Listings Comments Addendum

Listing 1 Comments
Listing 2 Comments
Listing 3 Comments

**MARKET CONDITIONS**

Required - Please use the space below to provide any additional comments regarding market area, conditions, area growth/decline, crime activity, hazards, repairs needed, etc. that would not fit on the BPO form.

Given the current market conditions, the best pricing strategy is to price the subject property low to attract the few buyers in the market.

# ADDITIONAL FIELD TEXT

File No. 12979469

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 233 Forrester Rd |
| City | LOS GATOS |
| County | |
| State | CA |
| Zip Code | 95032 |
| Lender | |

REVIEWER COMMENTS
The reviewer agrees with the broker's value. The comparables are reasonably similar and the broker's value conclusion is bracketed by the data set. The prior report supports a different value, however both brokers stand by their values.

COMP 1 COMPARISON COMMENTS
There were no comparable properties sold in the area within the last 6 months with a similar lot size. Furthermore, the search radius was expanded to beyond 1 mile and up to 1 year of sale date in order to find suitable comps. This fair market listing is equal to the subject property in GLA, age, number of rooms, view, location, and condition.

LIST COMP 1 COMPARISON COMMENTS
There are no comparable properties currently listed in the area with a similar lot size. This fair market listing is equal to the subject property in GLA, age, number of rooms, view, location, and condition.

LIST COMP 3 COMPARISON COMMENTS
This fair market listing is equal to the subject property in GLA, age, number of rooms, view, location, and condition.

File No. 12979469

Borrower/Client  N/A
Property Address  233 Forrester Rd
City  LOS GATOS  County _____  State  CA  Zip Code  95032
Lender



FRONT OF
SUBJECT PROPERTY



REAR OF
SUBJECT PROPERTY



STREET SCENE

# ADDITIONAL PHOTOGRAPH ADDENDUM

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 233 Forrester Rd |
| City | LOS GATOS |
| County | |
| State | CA |
| Zip Code | 95032 |
| Lender | |



Subject: 233 FORRESTER RD



Subject: 233 FORRESTER RD



Subject: 233 FORRESTER RD

# ADDITIONAL PHOTOGRAPH ADDENDUM

File No. 12979469

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 233 Forrester Rd |
| City | LOS GATOS |
| County | |
| State | CA |
| Zip Code | 95032 |
| Lender | |



Subject: 233 FORRESTER RD

# COMPARABLES PHOTOGRAPH ADDENDUM

(Comps 1-3)

File No. 12979469

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 233 Forrester Rd |
| City | LOS GATOS | County | | State | CA | Zip Code | 95032 |
| Lender | | | |

**Comparable Sale 1**

16370 MATILIJA DR 95032

Date of Sale: 9/2/2008
Sale Price: 7200000
Sq. Ft.: 7856
$ / Sq. Ft.:

**Comparable Sale 2**

16299 COWELL RD 95032

Date of Sale: 10/8/2008
Sale Price: 7150000
Sq. Ft.: 6750
$ / Sq. Ft.:

**Comparable Sale 3**

14411 SHANNON RD 95032

Date of Sale: 3/29/2008
Sale Price: 7700000
Sq. Ft.: 3811
$ / Sq. Ft.:

# LOCATION MAP ADDENDUM

File No. 12979469

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 233 Forrester Rd |
| City | LOS GATOS |
| County | State CA Zip Code 95032 |
| Lender | |



SUBJECT: 233 FORRESTER RD, LOS GATOS, CA 95032

© 2009 MapQuest, Inc.   © 2009 ClearCapital.com, Inc.   ©2009 NAVTEQ

This document was generated on: 1/29/2009 7:35:31 AM

**CHICAGO TITLE INSURANCE CO. (LSI DIVISION)**
ISSUED BY FIDELITY NATIONAL DEFAULT SOLUTIONS
15661 RED HILL AVENUE, SUITE 201, TUSTIN, CALIFORNIA 92780
(949) 622-4200 • (800) 323-0165

**TRUSTEE SALE GUARANTEE**

## SCHEDULE A

| | |
|---|---|
| REF NO.: | **CA-06-60564-DD** |
| LOAN NO.: | **0002522282** |
| ORDER NO.: | **6655714** |
| COUNTY REF. NO.: | **6655714** |
| PREMIUM: | **$4,324.80** |
| LIABILITY: | **$2,292,999.99** |
| DATED: | **JUNE 22, 2006 @ 7:30 A.M.** |

1. **NAME(S) OF ASSURED:**

   **TRUSTEE:**        QUALITY LOAN SERVICE CORP.

   **BENEFICIARY:**   EMC MORTGAGE CORPORATION

2. **THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED, OR REFERRED TO, AND COVERED BY THIS GUARANTEE IS:**

   A FEE AS TO PARCEL(S) ONE; AN EASEMENT MORE FULLY DESCRIBED BELOW AS TO PARCEL(S) TWO AND THREE

3. **TITLE TO SAID ESTATE OR INTEREST, AT THE DATE HEREOF, IS VESTED IN:**

   RALF HORN AND SUZANNE M. HORN HUSBAND AND WIFE AS JOINT TENANTS, SUBJECT TO ITEM NO(S). 32.

4. **THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE CITY OF LOS GATOS, COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:**

   SEE EXHIBIT "A"

EXHIBIT 3

**EXHIBIT A**

**LEGAL DESCRIPTION**

**REF. NO.CA-06-60564-DD**

PARCEL ONE:

BEGINNING AT A ONE INCH PIPE AT THE NORTHWEST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8 SOUTH, RANGE 1 WEST, M.D.B. & M., SAID ONE INCH PIPE BEING AT THE NORTHEAST CORNER OF THAT CERTAIN TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, RECORDED MAY 25, 1916, IN BOOK 444 OF DEEDS, PAGE 41, SANTA CLARA COUNTY RECORDS; AND RUNNING THENCE ALONG THE NORTH LINE OF SAID TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, SOUTH 89° 52' EAST 279.50 FEET TO A ONE INCH PIPE IN THE CENTER LINE OF A 20.00 FOOT RIGHT OF WAY HEREINAFTER DESCRIBED; THENCE ALONG THE CENTER LINE OF SAID 20.00 FOOT RIGHT OF WAY, SOUTH 1° 19' EAST 720.12 FEET TO A 3/4 INCH IRON BAR; THENCE CONTINUING ALONG SAID CENTER LINE, SOUTH 88° 53' WEST 210.93 FEET TO A 3/4 INCH IRON BAR; THENCE CONTINUING ALONG SAID CENTER LINE, NORTH 74° 28' WEST 94.14 FEET TO A 3/4 INCH IRON BAR IN THE WEST LINE OF SAID TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES; THENCE ALONG SAID WEST LINE, NORTH 0° 26' EAST 699.4 FEET TO THE POINT OF BEGINNING.

BEING A PORTION OF SAID TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, RECORDED MAY 25, 1916, IN BOOK 444 OF DEEDS, PAGE 41, AND BEING A PART OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8 SOUTH, RANGE 1, WEST, M.D.B. & M.

PARCEL TWO:

RIGHT OF WAY 20 FEET IN WIDTH FOR THE PURPOSES OF INGRESS AND EGRESS, AND FOR PUBLIC UTILITIES, THE CENTER LINE OF WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT A 3/4 INCH IRON BAR IN THE WEST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN THE DEED TO GEORGE DAVIES, RECORDED MAY 25, 1916, IN BOOK 444 OF DEEDS, PAGE 41, SANTA CLARA COUNTY RECORDS, SAID POINT OF BEGINNING BEING NORTH 0° 26' EAST 596.2 FEET FROM THE SOUTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8 SOUTH, RANGE 1 WEST, M.D.B. & M., AND RUNNING THENCE SOUTH 74° 28' EAST 94.14 FEET TO A 3/4 INCH IRON BAR; THENCE NORTH 88° 53' EAST 210.93 FEET TO A 3/4 INCH IRON BAR; THENCE NORTH 1° 19' WEST 720.12 FEET TO A ONE INCH IRON PIPE IN THE NORTH LINE OF SAID LAND DESCRIBED IN THE DEED TO GEORGE A. DAVIES, SAID LAST MENTIONED POINT BEING SOUTH 89° 52' EAST 279.5 FEET FROM THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 8, SOUTH, RANGE 1 WEST, M.D.B. & M., SANTA CLARA COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL ONE HEREINABOVE DESCRIBED.

PARCEL THREE:

A RIGHT OF WAY 20 FEET IN WIDTH, GRANTED IN THE DEED TO GEORGE DAVIES, RECORDED SEPTEMBER 5, 1929, IN BOOK 485, OFFICIAL RECORDS, PAGE 23, SANTA CLARA COUNTY RECORDS, THE CENTER LINE OF WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE MIDDLE OF THE KENNEDY ROAD WHICH BEARS S. 83° 3' E. 11.0 FEET FORM THE WEST LINE OF THE LANDS DESCRIBED FROM AMELIA TAYLOR ET VIR TO OSCAR E. SHRADER ET AL IN BOOK 38 OF OFFICIAL RECORDS, PAGE 275, RECORDS OF SANTA CLARA COUNTY, CALIFORNIA, AND FROM SAID POINT OF BEGINNING AN APPLE TREE BEARS S. 41° 15' W. 31.54 FEET AND A WILLOW TREE BEARS S. 40° E. 25.52 FEET; AND RUNNING THENCE FROM SAID POINT OF BEGINNING, PARALLEL TO AND 11 FEET EASTERLY FROM SAID WEST LINE N. 7° 30' E. 500.0 FEET TO A POINT IN THE MIDDLE OF THE THIRD AND FOURTH ROW OF PRUNE TREES RUNNING EAST AND WEST, SAID POINT BEING S. 80° 27' W. 11.01 FEET FROM AN IRON PIPE IN THE WEST LINE OF SAID LAND DEEDED BY TAYLOR TO SHRADER ET AL SAID IRON PIPE BEING S. 7° 30' W. 692.4 FEET FORM THE NORTHWEST CORNER OF SAID LAND DEEDED TO SHRADER ET AL; THENCE RUNNING ALONG THE MIDDLE OF THE THIRD AND FOURTH ROW OF PRUNE TREES S. 80° 27' E. 524.19 FEET TO A POINT WHICH IS NORTHERLY 10.0 FEET FROM THE NORTH BANK OF A DITCH; THENCE MEANDERING ALONG A LINE WHICH IS 10.0 FEET NORTHERLY FROM THE NORTH LINE OF A DITCH N. 63° 33' 37.12 FEET; THENCE N. 80° 25' E. 183.95 FEET; THENCE N. 78° 01' E. 85.0 FEET; THENCE N. 88° 44' E. 175.5 FEET; THENCE S. 87° 66' E. 342.35 FEET; THENCE N. 86° 30' 218.5 FEET; THENCE S. 89° 09' E. 151.8 FEET MORE OR LESS TO LANDS OF GEO. A DAVIES SAID HEREIN DESCRIBED CENTERLINE BEING IN THE LANDS OF THE AFORE-MENTIONED LANDS DEEDED BY AMEILIA TAYLOR ET VIR TO OSCAR SHRADER ET AL SITUATED IN SECTION 23, T.8, S.R. 1 W.M.D.M., SANTA CLARA COUNTY, CALIFORNIA.

APN: 537-21-010

# EXCEPTIONS

1. PROPERTY TAXES, WHICH ARE A LIEN NOT YET DUE AND PAYABLE, INCLUDING ANY ASSESSMENTS COLLECTED WITH TAXES TO BE LEVIED FOR THE FISCAL YEAR 2006-2007.

2. NOTE:  PROPERTY TAXES FOR THE FISCAL YEAR SHOWN BELOW ARE PAID.  FOR PRORATION PURPOSES THE AMOUNTS ARE:

    | | | |
    |---|---|---|
    | APN | : | 537-21-010 |
    | FISCAL YEAR | : | 2005-2006 |
    | 1ST INSTALLMENT | : | $27,807.64 |
    | 2ND INSTALLMENT | : | $27,807.64 |
    | TOTAL AMOUNT | : | $55,615.28 |
    | CODE AREA | : | 03 050 |
    | EXEMPTION | : | (NONE SHOWN) |

3. THE LIEN OF SUPPLEMENTAL TAXES, IF ANY, ASSESSED PURSUANT TO THE PROVISIONS OF CHAPTER 3.5 (COMMENCING WITH SECTION 75) OF THE REVENUE AND TAXATION CODE OF THE STATE OF CALIFORNIA.

4. ASSESSMENTS, IF ANY, FOR COMMUNITY FACILITY DISTRICTS AFFECTING SAID LAND WHICH MAY EXIST BY VIRTUE OF ASSESSMENT MAPS OR NOTICES FILED BY SAID DISTRICTS

A. ANY UNPAID AND/OR DELINQUENT BOND OR ASSESSMENT AMOUNTS WHICH MAY HAVE BEEN REMOVED FROM THE ROLLS OF THE COUNTY TAX ASSESSOR AND WHICH MAY HAVE BEEN REMOVED FROM TAX BILLS AND TAX DEFAULT REDEMPTION AMOUNTS.

5. EASEMENT(S) FOR THE PURPOSE(S) SHOWN BELOW AND RIGHTS THERETO, AS RESERVED IN A DOCUMENT.

    | | | |
    |---|---|---|
    | RESERVED BY | : | GEORGE A. DAVIES |
    | PURPOSE | : | INGRESS AND EGRESS AND PUBLIC UTILITIES |
    | RECORDED | : | JULY 20, 1944, BOOK 1210, PAGE 224, OF OFFICIAL RECORDS |
    | AFFECTS | : | THE SOUTHERLY AND EASTERLY 10 FEET OF PARCEL ONE |

6. AN AGREEMENT, AFFECTING SAID LAND, FOR THE PURPOSES STATED HEREIN, UPON THE TERMS, COVENANTS AND CONDITIONS REFERRED TO THEREIN, BETWEEN THE PARTIES NAMED HEREIN

    | | | |
    |---|---|---|
    | FOR | : | MAINTENANCE OF RIGHT OF WAY |
    | DATED | : | JULY 19, 1944 |
    | EXECUTED BY | : | REGINALD W. WALBEY, ET UX |
    | RECORDED | : | JULY 20, 1944 IN BOOK 1210, PAGE 224, OF OFFICIAL RECORDS |

7. COVENANTS, CONDITIONS AND RESTRICTIONS (BUT OMITTING ANY COVENANTS OR RESTRICTIONS, IF ANY, BASED UPON RACE, COLOR, RELIGION, SEX, SEXUAL ORIENTATION, FAMILIAL STATUS, MARITAL STATUS, DISABILITY, HANDICAP, NATIONAL ORIGIN, ANCESTRY, OR SOURCE OF INCOME, AS SET FORTH IN APPLICABLE STATE OR FEDERAL LAWS, EXCEPT TO THE EXTENT THAT SAID COVENANT OR RESTRICTION IS PERMITTED BY APPLICABLE LAW) AS SET FORTH IN THE DECLARATION OF RESTRICTIONS

    | | | |
    |---|---|---|
    | RECORDED | : | JULY 20, 1944, BOOK 1210, PAGE 224, OF OFFICIAL RECORDS |

IF YOU SHOULD REQUEST A COPY OF THE DOCUMENT REFERRED TO ABOVE, THE CALIFORNIA GOVERNMENT CODE SECTION 12956.1 REQUIRES THAT A COUNTY RECORDER, TITLE INSURANCE COMPANY, ESCROW COMPANY, REAL ESTATE BROKER, REAL ESTATE AGENT, OR ASSOCIATION THAT PROVIDES A COPY OF A DECLARATION, GOVERNING DOCUMENT, OR DEED TO ANY PERSON SHALL PLACE A COVER PAGE OR STAMP ON THE FIRST PAGE OF THE PREVIOUSLY RECORDED DOCUMENT OR DOCUMENTS STATING, IN AT LEAST 14-POINT BOLDFACE TYPE, THE FOLLOWING:

IF THIS DOCUMENT CONTAINS ANY RESTRICTION BASED ON RACE, COLOR, RELIGION, SEX, FAMILIAL STATUS, MARITAL STATUS, DISABILITY, NATIONAL ORIGIN, OR ANCESTRY, THAT RESTRICTION VIOLATES STATE AND FEDERAL FAIR HOUSING LAWS AND IS VOID, AND MAY BE REMOVED PURSUANT TO SECTION 12956.1 OF THE GOVERNMENT CODE. LAWFUL RESTRICTIONS UNDER STATE AND FEDERAL LAW ON THE AGE OF OCCUPANTS IN SENIOR HOUSING OR HOUSING FOR OLDER PERSONS SHALL NOT BE CONSTRUED AS RESTRICTIONS BASED ON FAMILIAL STATUS.

8.  NOTICE OF ACCESS APPROVAL DATED SEPTEMBER 18, 1963, RECORDED OCTOBER 17, 1963, BOOK 6236 OFFICIAL RECORDS, PAGE 137, BY SANTA CLARA COUNTY PLANNING COMMISSION.

9.  EASEMENT(S) FOR THE PURPOSE(S) SHOWN BELOW AND RIGHTS INCIDENTAL THERETO, AS GRANTED IN A DOCUMENT.

| | | |
|---|---|---|
| GRANTED TO | : | PACIFIC GAS AND ELECTRIC COMPANY AND WESTERN CALIFORNIA TELEPHONE COMPANY, CALIFORNIA CORPORATIONS |
| PURPOSE | : | TRANSMITTING AND DISTRIBUTING BY PACIFIC OF ELECTRIC ENERGY AND FOR RENDERING BY WESTERN OF COMMUNICATION SERVICES, RESPECTIVELY, TOGETHER WITH A RIGHT OF WAY THEREFOR |
| RECORDED | : | APRIL 18, 1966, INSTRUMENT/FILE NO. 3044286, BOOK 7350, PAGE 646, OF OFFICIAL RECORDS |
| AFFECTS | : | A STRIP OF LAND OF THE UNIFORM WIDTH OF 5 FEET, LYING CONTIGUOUS TO AND EASTERLY OF THE WESTERLY BOUNDARY LINE OF SAID PREMISES AND EXTENDING FROM A LINE WHICH IS PARALLEL WITH AND DISTANT 147.0 FEET SOUTHERLY FROM MEASURED AT A RIGHT ANGLE TO, THE NORTHERLY BOUNDARY LINE OF SAID PREMISES, SOUTHERLY 251.0 FEET |

10.    EASEMENT(S) FOR THE PURPOSE(S) SHOWN BELOW AND RIGHTS INCIDENTAL THERETO, AS GRANTED IN A DOCUMENT.

|  |  |  |
|---|---|---|
| GRANTED TO | : | THE TOWN OF LOS GATOS, A MUNICIPAL CORPORATION |
| PURPOSE | : | TO LOCATE, CONSTRUCT AND MAINTAIN SEWER, WATER AND GAS PIPELINES, ELECTRICAL AND TELEPHONE CABLES AND OTHER UNDERGROUND UTILITIES |
| RECORDED | : | MAY 15, 1979, INSTRUMENT/FILE NO. 6374560, BOOK E495, PAGE 212, OF OFFICIAL RECORDS |
| AFFECTS | : | A STRIP OF LAND, TWENTY (20) FEET IN WIDTH (MEASURED PERPENDICULAR TO THE SOUTHERLY BOUNDARY, WHICH EASEMENT HAS AS ITS SOUTHERLY BOUNDARY THE SOUTHERLY BOUNDARY OF PARCEL ONE AS DESCRIBED IN THE DEED FROM SAMUEL J. SULLIVAN, ALSO KNOWN AS JEFF SULLIVAN, TO RUBY SULLIVAN, RECORDED JULY 30, 1976, IN THE OFFICIAL RECORDS OF SANTA CLARA COUNTY, BOOK C177 AT PAGES 721 AND 722 |

11.    EASEMENT(S) FOR THE PURPOSE(S) SHOWN BELOW AND RIGHTS INCIDENTAL THERETO, AS GRANTED IN A DOCUMENT.

|  |  |  |
|---|---|---|
| GRANTED TO | : | PACIFIC GAS AND ELECTRIC COMPANY, A CALIFORNIA CORPORATION |
| PURPOSE | : | THE RIGHT FROM TIME TO TIME TO CONSTRUCT, INSTALL, INSPECT, MAINTAIN, REPLACE, REMOVE AND USE FACILITIES, TOGETHER WITH A RIGHT OF WAY THEREFOR AND ALSO INGRESS THERETO AND EGRESS THEREFROM |
| RECORDED | : | FEBRUARY 25, 1985, INSTRUMENT/FILE NO. 8336403, BOOK J271, PAGE 32, OF OFFICIAL RECORDS |
| AFFECTS | : | A STRIP OF LAND OF THE UNIFORM WIDTH OF 10 FEET LYING CONTIGUOUS TO AND NORTHERLY OF THE SOUTHERLY BOUNDARY LINE OF SAID LANDS AND EXTENDING FROM THE WESTERLY BOUNDARY LINE OF SAID LANDS, EASTERLY APPROXIMATELY 305 FEET TO THE EASTERLY BOUNDARY LINE OF SAID LANDS |

12.     EASEMENT(S) FOR THE PURPOSE(S) SHOWN BELOW AND RIGHTS INCIDENTAL THERETO, AS GRANTED IN A DOCUMENT.

| | | |
|---|---|---|
| GRANTED TO | : | PACIFIC GAS AND ELECTRIC COMPANY |
| PURPOSE | : | THE RIGHT FROM TIME TO TIME TO CONSTRUCT, RECONSTRUCT, INSTALL, INSPECT, MAINTAIN, REPLACE, REMOVE AND USE FACILITIES TOGETHER WITH A RIGHT OF WAY THEREFOR AND ALSO INGRESS THERETO AND EGRESS THEREFROM |
| RECORDED | : | JULY 7, 1986, INSTRUMENT/FILE NO. 8848756, BOOK J755, PAGE 455, OF OFFICIAL RECORDS |
| AFFECTS | : | A STRIP OF LAND OF THE UNIFORM WIDTH OF 10 FEET LYING CONTIGUOUS TO AND EASTERLY OF THE WESTERLY BOUNDARY LINE OF SAID LANDS AND EXTENDING NORTHERLY 40 FEET FROM THE NORTHERLY BOUNDARY LINE OF THE STRIP OF LAND DESCRIBED IN THE DEED FROM RUBY SULLIVAN TO PACIFIC GAS AND ELECTRIC COMPANY DATED FEBRUARY 4, 1985 AND RECORDED IN BOOK J271 OF OFFICIAL RECORDS AT PAGE 32, SANTA CLARA COUNTY RECORDS |

13.     DEED RESTRICTION

| | | |
|---|---|---|
| DATED | : | JUNE 10, 1996 |
| FOR | : | EXTERIOR PAINT COLORS |
| EXECUTED BY | : | RALF HORN AND LEE E. BOWMAN, PLANNING DIRECTOR |
| RECORDED | : | JUNE 10, 1996, BOOK P366, PAGE 2178, INSTRUMENT NO. 13323576, OF OFFICIAL RECORDS |

14.     EASEMENT(S) FOR THE PURPOSE(S) SHOWN BELOW AND RIGHTS INCIDENTAL THERETO, AS GRANTED IN A DOCUMENT.

| | | |
|---|---|---|
| GRANTED TO | : | PACIFIC GAS AND ELECTRIC COMPANY, A CALIFORNIA CORPORATION |
| PURPOSE | : | THE RIGHT FROM TIME TO TIME TO CONSTRUCT, RECONSTRUCT, INSTALL, INSPECT, MAINTAIN, REPLACE, REMOVE AND USE FACILITIES TOGETHER WITH A RIGHT OF WAY THEREFOR AND ALSO INGRESS THERETO AND EGRESS THEREFROM |
| RECORDED | : | JANUARY 24, 1997, INSTRUMENT/FILE NO. 13589131, OF OFFICIAL RECORDS |
| AFFECTS | : | A STRIP OF LAND OF THE UNIFORM WIDTH OF 10 FEET LYING CONTIGUOUS TO AND WESTERLY OF THE EASTERLY BOUNDARY LINE OF SAID LANDS AND EXTENDING FROM THE NORTHERLY BOUNDARY LINE OF SAID LANDS SOUTHERLY APPROXIMATELY 720 FEET TO THE NORTHERLY BOUNDARY LINE OF SAID LANDS |

15. A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $2,500,000.00 |
| DATED | : | APRIL 28, 1998 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN |
| TRUSTEE | : | EQUITABLE DEED COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, A NATIONAL BANKING ASSOCIATION |
| RECORDED | : | MAY 4, 1998 AS INSTRUMENT NO. 14167775, OF OFFICIAL RECORDS |

A SUBSTITUTION OF TRUSTEE UNDER SAID DEED OF TRUST WHICH NAMES AS THE SUBSTITUTED TRUSTEE, THE FOLLOWING

| | | |
|---|---|---|
| TRUSTEE | : | LONESTAR MORTGAGEE SERVICES, L.L.C. |
| RECORDED | : | SEPTEMBER 16, 1999 AS INSTRUMENT NO. 14987061, OF OFFICIAL RECORDS |

THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST HAS BEEN ASSIGNED:

| | | |
|---|---|---|
| ASSIGNOR | : | BANK OF AMERICA |
| ASSIGNEE | : | EMC MORTGAGE CORPORATION AND ASSIGNEE'S SUCCESSORS AND ASSIGNS, FOREVER |
| DATED | : | FEBRUARY 19, 2002 |
| RECORDED | : | JULY 11, 2002 AS INSTRUMENT NO. 16353003, OFFICIAL RECORDS |

A NOTICE OF DEFAULT UNDER THE TERMS OF SAID DEED OF TRUST

| | | |
|---|---|---|
| RECORDED | : | JUNE 22, 2006 AS INSTRUMENT NO. 18985843, OF OFFICIAL RECORDS |

NOTE: PLEASE BE ADVISED THAT THIS COMPANY FINDS NO RECORDED SUBSTITUTION OF TRUSTEE, AFFECTING THE DEED OF TRUST THAT IS THE SUBJECT OF THIS GUARANTEE, EMPOWERING THE ASSURED HEREIN TO ACT IN THE PROCEEDINGS INITIATED BY THE RECORDATION OF A NOTICE OF DEFAULT.

THIS COMPANY DOES HEREBY MAKE THE REQUIREMENT THAT IT BE FURNISHED SAID INSTRUMENT, PROPERLY DATED AND EXECUTED, THAT TO ITS SATISFACTION IMPARTS CONSTRUCTIVE NOTICE OF THE ACTION UNDERTAKEN BY THE RECORDATION OF A NOTICE OF DEFAULT. THIS REQUIREMENT MUST BE COMPLIED WITH PRIOR TO THE ISSUANCE OF ANY FURTHER EVIDENCE OF TITLE.

16.        A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $768,000.00 |
| DATED | : | NOVEMBER 18, 1999 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE, AS JOINT TENANTS |
| TRUSTEE | : | INVESTMENT GUIDE LOANS, INC. |
| BENEFICIARY | : | ANDREW A. LEWIS, A MARRIED MAN AS TO AN UNDIVIDED 200.2/768 INTEREST; LINCOLN TRUST COMPANY, CUSTODIAN FBO ANDREW A. LEWIS, IRA AS TO AN UNDIVIDED 87.8/768 INTEREST; HERB RIBSTEIN AND JUNE RIBSTEIN, HUSBAND AND WIFE AS TENANTS IN COMMON EACH WITH A 50% SHARE AS TO AN UNDIVIDED 35/768 INTEREST; NORMAN L. GOULD AND CAROL J. GOULD, HUSBAND AND WIFE AS COMMUNITY PROPERTY AS TO AN UNDIVIDED 50/768 INTEREST; PHILIP SANFILIPPO AND CAROL SANFILIPPO AS TO AN UNDIVIDED 50/768 INTEREST; PHILIP SANFILIPPO AND LORETTA SANFILIPPO AS TO AN UNDIVIDED 100/768 INTEREST; ANTHONY GUINNANE AND ELIZABETH G. GUINNANE, HUSBAND AND WIFE AS COMMUNITY PROPERTY AS TO AN UNDIVIDED 78/768 INTEREST; STANLEY J. POPOWSKI, AN UNMARRIED MAN AS TO AN UNDIVIDED 51/768 INTEREST; MICHAEL PICCARDO AND MARIE PICCARDO, HUSBAND AND WIFE AS COMMUNITY PROPERTY AS TO AN UNDIVIDED 71/768 INTEREST; AND LAWRENCE TROXELL AND MARIANNE TROXELL, HUSBAND AND WIFE AS COMMUNITY PROPERTY AS TO AN UNDIVIDED 45/768 INTEREST |
| RECORDED | : | DECEMBER 2, 1999 AS INSTRUMENT NO. 15075944, OF OFFICIAL RECORDS |
| AFFECTS | : | THE HEREIN DESCRIBED LAND AND OTHER LAND. |

A NOTICE OF DEFAULT UNDER THE TERMS OF SAID DEED OF TRUST

| | | |
|---|---|---|
| RECORDED | : | FEBRUARY 8, 2000 AS INSTRUMENT NO. 15145906, OF OFFICIAL RECORDS |

A NOTICE OF TRUSTEE'S SALE UNDER SAID DEED OF TRUST

| | | |
|---|---|---|
| DATE AND TIME OF SALE | : | JUNE 7, 2000 AT 11:00 A.M. |
| RECORDED | : | MAY 16, 2000 AS INSTRUMENT NO. 15247970, OF OFFICIAL RECORDS |

A NOTICE OF DEFAULT UNDER THE TERMS OF SAID DEED OF TRUST

| | | |
|---|---|---|
| RECORDED | : | JANUARY 14, 2002 AS INSTRUMENT NO. 16055562, OF OFFICIAL RECORDS |

A NOTICE OF TRUSTEE'S SALE UNDER SAID DEED OF TRUST

| | | |
|---|---|---|
| DATE AND TIME OF SALE | : | MAY 8, 2002 AT 11:00 A.M. |
| RECORDED | : | APRIL 16, 2002 AS INSTRUMENT NO. 16213720, OF OFFICIAL RECORDS |

17.    A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $600,000.00 |
| DATED | : | MAY 1, 1998 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE, AS JOINT TENANTS |
| TRUSTEE | : | COMMONWEALTH LAND TITLE INSURANCE COMPANY, A CORPORATION |
| BENEFICIARY | : | COMERICA BANK-CALIFORNIA, A CALIFORNIA BANKING CORPORATION |
| RECORDED | : | JUNE 30, 1998 AS INSTRUMENT NO. 14258739, OF OFFICIAL RECORDS |

A NOTICE OF DEFAULT UNDER THE TERMS OF SAID DEED OF TRUST

| | | |
|---|---|---|
| RECORDED | : | FEBRUARY 9, 1999 AS INSTRUMENT NO. 14648091, OF OFFICIAL RECORDS |

BY THE PROVISION OF AN AGREEMENT

| | | |
|---|---|---|
| DATED | : | NOVEMBER 24, 1999 |
| EXECUTED BY | : | RALF HORN, SUZANNE M. HORN, AND COMERICA BANK-CALIFORNIA |
| RECORDED | : | DECEMBER 2, 1999 AS INSTRUMENT NO. 15075943, OF OFFICIAL RECORDS |

SAID INSTRUMENT WAS MADE SUBORDINATE TO THE LIEN OF THE DOCUMENT OR INTEREST SHOWN AS ITEM NO. 16.

18.    THE MATTERS CONTAINED IN A DOCUMENT ENTITLED "COVENANT FOR DOMESTIC WATER SERVICE", RECORDED MARCH 6, 2000, AS INSTRUMENT NO. 15172220, OFFICIAL RECORDS.

WHICH AMONG OTHER THINGS PROVIDES DOMESTIC WATER SERVICE.

REFERENCE IS MADE TO SAID DOCUMENT FOR FULL PARTICULARS.

19.    A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $90,000.00 |
| DATED | : | OCTOBER 10, 2000 |
| TRUSTOR | : | RALF HORN AND SUZANNE HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | DONALD A. COCHRANE, A MARRIED MAN |
| RECORDED | : | NOVEMBER 7, 2000 AS INSTRUMENT NO. 15452353, OF OFFICIAL RECORDS |

20.     A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $242,000.00 |
| DATED | : | OCTOBER 10, 2000 |
| TRUSTOR | : | RALF HORN AND SUZANNE HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | DONALD A. COCHRANE, PAMELA L. COCHRANE, HUSBAND AND WIFE, AS JOINT TENANTS |
| RECORDED | : | NOVEMBER 14, 2000 AS INSTRUMENT NO. 15459785, OF OFFICIAL RECORDS |

21.     A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $140,000.00 |
| DATED | : | OCTOBER 10, 2000 |
| TRUSTOR | : | RALF HORN AND SUZANNE HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | DONALD A. COCHRANE, PAMELA L. COCHRANE, HUSBAND AND WIFE |
| RECORDED | : | NOVEMBER 14, 2000 AS INSTRUMENT NO. 15459786, OF OFFICIAL RECORDS |

SAID DEED OF TRUST RECITES THAT IT IS SUBORDINATE TO THE DEED OF TRUST RECORDED CONCURRENTLY THEREWITH.

22.     AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNT DUE:

| | | |
|---|---|---|
| AMOUNT | : | $13,772.01 |
| DEBTOR | : | KIRELL DEVELOPMENT, INC. A CORPORATION DBA H & R CONSULTANTS; RALF HORN, INDIVIDUALLY AND DBA H & R CONSULTANTS |
| CREDITOR | : | JONATHAN NEIL & ASSOCIATES, INC., A CORPORATION |
| DATE ENTERED | : | NOVEMBER 30, 2000 |
| COUNTY | : | SANTA CLARA |
| COURT | : | SUPERIOR |
| CASE NO. | : | DC00 397184 |
| RECORDED | : | DECEMBER 22, 2000 AS INSTRUMENT NO. 15504544, OF OFFICIAL RECORDS |

23.      A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $2,214,250.00 |
| DATED | : | MARCH 7, 2001 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE AS JOINT TENANTS |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | DONALD A. COCHRANE AND PAMELA L. COCHRANE, AS TRUSTEE OF THE COCHRANE FAMILY LIVING TRUST DATED NOVEMBER 11, 1987 |
| RECORDED | : | MARCH 19, 2001 AS INSTRUMENT NO. 15596879, OF OFFICIAL RECORDS |

24.      A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE STATE OF CALIFORNIA.

| | | |
|---|---|---|
| AMOUNT | : | $4,362.93 |
| FILED BY | : | FRANCHISE TAX BOARD |
| TAXPAYER | : | RALF HORN |
| CERTIFICATE NO. | : | 01066876887 |
| RECORDED | : | MARCH 19, 2001 AS INSTRUMENT NO. 15597832, OF OFFICIAL RECORDS |

25.      AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNT DUE:

| | | |
|---|---|---|
| AMOUNT | : | $475,450.05 |
| DEBTOR | : | RALF HORN, ET AL. |
| CREDITOR | : | POLCRAFT, INC., A CALIFORNIA CORPORATION |
| DATE ENTERED | : | MAY 9, 2001 |
| COUNTY | : | SANTA CLARA |
| COURT | : | SUPERIOR |
| CASE NO. | : | CV796196 |
| RECORDED | : | JUNE 7, 2001 AS INSTRUMENT NO. 15715678, OF OFFICIAL RECORDS |

26.      A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $540,000.00 |
| DATED | : | OCTOBER 10, 2000 |
| TRUSTOR | : | RALF HORN AND SUZANNE HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | DONALD A. COCHRANE AND PAMELA L. COCHRANE AS TRUSTEE OF THE COCHRANE FAMILY LIVING TRUST DATED NOV. 11, 1987 |
| RECORDED | : | OCTOBER 12, 2001 AS INSTRUMENT NO. 15907423, OF OFFICIAL RECORDS |

27.　　AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNT DUE:

| | | |
|---|---|---|
| AMOUNT | : | $9,783.59 |
| DEBTOR | : | RALF HORN, ET AL. |
| CREDITOR | : | CREDIT CONSULTING SERVICES, INC. A CALIFORNIA CORPORATION |
| DATE ENTERED | : | SEPTEMBER 20, 2001 |
| COUNTY | : | MONTEREY |
| COURT | : | SUPERIOR |
| CASE NO. | : | M54598 |
| RECORDED | : | OCTOBER 29, 2001 AS INSTRUMENT NO. 15932167, OF OFFICIAL RECORDS |

28.　　A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE STATE OF CALIFORNIA.

| | | |
|---|---|---|
| AMOUNT | : | $27,553.61 |
| FILED BY | : | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| TAXPAYER | : | RALF HORN INDIVIDUALLY AND/AS PRESIDENT KIRELL DEVELOPMENT, INC. |
| CERTIFICATE NO. | : | M 326169 |
| RECORDED | : | JANUARY 23, 2002 AS INSTRUMENT NO. 16069670, OF OFFICIAL RECORDS |

29.　　A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $100,000.00 |
| DATED | : | AUGUST 22, 2001 |
| TRUSTOR | : | RALPH HORN AND SUSAN HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | GREGORY K. MARVIN AND KATHLEEN M. MARVIN, HUSBAND AND WIFE |
| RECORDED | : | FEBRUARY 6, 2002 AS INSTRUMENT NO. 16096759, OF OFFICIAL RECORDS |

30.　　A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $140,000.00 |
| DATED | : | JULY 13, 2001 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | WILLIAM D. TOTTON, A SINGLE MAN |
| RECORDED | : | FEBRUARY 6, 2002 AS INSTRUMENT NO. 16096761, OF OFFICIAL RECORDS |

31.  A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $23,000.00 |
| DATED | : | FEBRUARY 4, 2002 |
| TRUSTOR | : | H & R CONSULTANTS, INC. AND PERSONALLY BY ITS PRESIDENT AND HIS WIFE RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | WILLIAM D. TOTTON, A SINGLE MAN |
| RECORDED | : | FEBRUARY 6, 2002 AS INSTRUMENT NO. 16096762, OF OFFICIAL RECORDS |

32.  ANY INTEREST OF THE PERSON SHOWN BELOW, WHOSE POSSIBLE INTEREST IS DISCLOSED BY THEIR JOINDER IN EXECUTING THE DOCUMENT REFERENCED BELOW.

| | | |
|---|---|---|
| INTEREST OF | : | H & R CONSULTANTS, INC. |
| DOCUMENT | : | DEEDS OF TRUST |
| RECORDED | : | FEBRUARY 6, 2002, AS INSTRUMENT NO. 16096762 AND INSTRUMENT NO. 16096763, BOTH OF OFFICIAL RECORDS |

33.  A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $100,000.00 |
| DATED | : | JULY 27, 2001 |
| TRUSTOR | : | H & R CONSULTANTS, INC. AND PERSONALLY BY ITS PRESIDENT AND HIS WIFE RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | MORTEZA ARDALAN AND NAZY ARDALAN, HUSBAND AND WIFE AS JOINT TENANTS |
| RECORDED | : | FEBRUARY 6, 2002 AS INSTRUMENT NO. 16096763, OF OFFICIAL RECORDS |

34.  A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE STATE OF CALIFORNIA.

| | | |
|---|---|---|
| AMOUNT | : | $9,158.29 |
| FILED BY | : | FRANCHISE TAX BOARD |
| TAXPAYER | : | RALF HORN |
| CERTIFICATE NO. | : | 02029300383 |
| RECORDED | : | FEBRUARY 7, 2002 AS INSTRUMENT NO. 16098609, OF OFFICIAL RECORDS |

35. AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNT DUE:

| | | |
|---|---|---|
| AMOUNT | : | $21,360.08 |
| DEBTOR | : | RALPH HORN INDIVIDUALLY AND, ET AL. |
| CREDITOR | : | AUTOMATION CONTROLS GROUP |
| DATE ENTERED | : | SEPTEMBER 20, 2001 |
| COUNTY | : | SANTA CLARA |
| COURT | : | SUPERIOR |
| CASE NO. | : | DC01 405401 |
| RECORDED | : | MARCH 31, 2002 AS INSTRUMENT NO. 16170150, OF OFFICIAL RECORDS |

36. A CLAIM OF MECHANICS' LIEN

| | | |
|---|---|---|
| AMOUNT | : | $438,236.40, PLUS ANY OTHER AMOUNTS OWING |
| CLAIMANT | : | SEVILLE MAINTENANCE DBA SEVILLE LANDSCAPE CONSTRUCTION |
| RECORDED | : | APRIL 3, 2002 AS INSTRUMENT NO. 16192580, OF OFFICIAL RECORDS |

A NOTICE OF PENDING ACTION TO FORECLOSE SAID LIEN

| | | |
|---|---|---|
| COUNTY | : | SANTA CLARA |
| COURT | : | SUPERIOR |
| CASE NO. | : | CV807649 |
| RECORDED | : | JANUARY 15, 2003 AS INSTRUMENT NO. 16750111, OF OFFICIAL RECORDS |

37. A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $500,000.00 |
| DATED | : | JULY 31, 2002 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE |
| TRUSTEE | : | ALLIANCE TITLE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | NEW WORLD POWER |
| RECORDED | : | AUGUST 1, 2002 AS INSTRUMENT NO. 16397031, OF OFFICIAL RECORDS |

38. A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $108,000.00 |
| DATED | : | AUGUST 15, 2002 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE |
| TRUSTEE | : | ALLIANCE TITLE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | THE NEW WORLD POWER CORPORATION, A DELAWARE CORPORATION; ELECTRIC POWER FUND I, LLC, A DELAWARE LIMITED LIABILITY COMPANY; THE FREDERICK M. AND LUCINDA BLOOM TRUST; AND JOHN D. KUHNS |
| RECORDED | : | SEPTEMBER 26, 2002 AS INSTRUMENT NO. 16503173, OF OFFICIAL RECORDS |

39. A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $100,000.00 |
| DATED | : | SEPTEMBER 7, 2001 |
| TRUSTOR | : | RALF HORN AND SUZANNE HORN, HUSBAND AND WIFE |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | KENNETH I. TAN AND JAYNE K. TAN, HUSBAND AND WIFE |
| RECORDED | : | JANUARY 15, 2003 AS INSTRUMENT NO. 16752258, OF OFFICIAL RECORDS |

40. A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

| | | |
|---|---|---|
| AMOUNT | : | $100,000.00 |
| DATED | : | SEPTEMBER 12, 2001 |
| TRUSTOR | : | RALF HORN AND SUZANNE M. HORN, HUSBAND AND WIFE AS JOINT TENANTS |
| TRUSTEE | : | FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | KEN TSUMURA |
| RECORDED | : | JANUARY 15, 2003 AS INSTRUMENT NO. 16752259, OF OFFICIAL RECORDS |

41. AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNT DUE:

| | | |
|---|---|---|
| AMOUNT | : | $6,018.45 |
| DEBTOR | : | RALF HORN, ET AL. |
| CREDITOR | : | STEPHEN COOPER |
| DATE ENTERED | : | MARCH 21, 2005 |
| COUNTY | : | SANTA CLARA |
| COURT | : | SUPERIOR |
| CASE NO. | : | 103-CV-009597 |
| RECORDED | : | APRIL 20, 2005 AS INSTRUMENT NO. 18333706, OF OFFICIAL RECORDS |

42. A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE STATE OF CALIFORNIA.

| | | |
|---|---|---|
| AMOUNT | : | $39,508.95 |
| FILED BY | : | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| TAXPAYER | : | RALF HORN, INDIVIDUALLY AND/OR AS PRESIDENT OF, KIRELL DEVELOPMENT, INC. |
| CERTIFICATE NO. | : | M 375567 |
| RECORDED | : | SEPTEMBER 14, 2005 AS INSTRUMENT NO. 18575442, OF OFFICIAL RECORDS |

43. AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNT DUE:

| | | |
|---|---|---|
| AMOUNT | : | $1,993,130.86 |
| DEBTOR | : | RALF HORN, ET AL |
| CREDITOR | : | STEPHEN COOPER |
| DATE ENTERED | : | APRIL 5, 2006 |
| COUNTY | : | SANTA CLARA |
| COURT | : | SUPERIOR |
| CASE NO. | : | 1-03-CV009597 |
| RECORDED | : | MAY 8, 2006 AS INSTRUMENT NO. 18926043, OF OFFICIAL RECORDS |

44. ANY BANKRUPTCY PROCEEDING THAT IS NOT DISCLOSED BY THE ACTS THAT WOULD AFFORD NOTICE AS TO SAID LAND, PURSUANT TO TITLE 11 U.S.C. 549 (C) OF THE BANKRUPTCY REFORM ACT OF 1978, AS AMENDED.

45. THE LATEST TAX ROLL INFORMATION OBTAINED FROM THE COUNTY TAX ASSESSOR SHOWS THE SITUS ADDRESS ON SAID LAND AS 233 FORRESTER ROAD, LOS GATOS, CALIFORNIA THE PARCEL NO. AS 537-21-010 AND THE TRA NO. AS 03 050.

# INFORMATION FOR TRUSTEE

RELATIVE TO THE DEED OF TRUST SHOWN AS ITEM NUMBER 15 OF THIS GUARANTEE:

1.    THE TRUSTEE MUST OBSERVE THE REQUIREMENTS OF SECTION 2924b OF THE CIVIL CODE AS TO THE 'NOTICES' TO BE SENT TO THE TRUSTOR(S).  IF ADDRESS(ES) OF THE TRUSTOR(S) ARE NOT SHOWN IN SAID DEED OF TRUST, OR IF NO NOTICE HAS BEEN REQUESTED BY THE TRUSTORS IN SAID DEED OF TRUST, THIS CODE SECTION STATES THE PROCEDURE TO BE FOLLOWED AS TO 'NOTICES' IN SUCH CASES.  THE NAME(S) OF THE TRUSTOR(S) AND THE ADDRESS(ES), IF ANY, SHOWN IN SAID DEED OF TRUST ARE:

   RALF HORN
   233 FORRESTER ROAD
   LOS GATOS, CALIFORNIA 95032

   SUZANNE M. HORN
   233 FORRESTER ROAD
   LOS GATOS, CALIFORNIA 95032

2.    THE NAME(S) AND ADDRESS(ES) OF PERSON(S) WHO HAVE RECORDED REQUESTS, OTHER THAN THE ORIGINAL TRUSTOR(S), AS PROVIDED IN SECTION 2924b(a) AND 2924b(d) OF THE CIVIL CODE, FOR A COPY OF ANY RECORDED 'NOTICE OF DEFAULT' AND A COPY OF ANY RECORDED 'NOTICE OF SALE' ARE:

   INVESTMENT GRADE LOANS, INC.
   289 S. SAN ANTONIO RD.
   LOS ALTOS CA, 94022

   DONALD A COCHRANE
   219775 ARROWHEAD LANE
   SARATOGA CA, 95070

   ELAINE M SEID
   MCPHARLIN, SPRINKLES & THOMAS LLP
   10 ALMADEN BLVD, SUITE 1460
   SAN JOSE CA, 95113

3.    THE NAME(S) AND ADDRESS(ES) OF ADDITIONAL PERSON(S) WHO, AS PROVIDED BY SECTION 2924b(c)(1) AND (2) OF THE CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF ANY RECORDED 'NOTICE OF DEFAULT' AND A COPY OF ANY RECORDED 'NOTICE OF SALE' ARE:

   RALPH HORN
   233 FORRESTER ROAD
   LOS GATOS, CALIFORNIA 95032
   (VESTEE)

   SUZANNE HORN
   233 FORRESTER ROAD
   LOS GATOS, CALIFORNIA 95032
   (VESTEE)

   SUSAN HORN
   233 FORRESTER ROAD
   LOS GATOS, CALIFORNIA 95032
   (VESTEE)

RALF HORN
233 FORESTER ROAD
LOS GATOS, CA 95032
(VESTEE)

RALPH HORN
233 FORESTER ROAD
LOS GATOS, CA 95032
(VESTEE)

SUZANNE M. HORN
233 FORESTER ROAD
LOS GATOS, CA 95032
(VESTEE)

SUZANNE HORN
233 FORESTER ROAD
LOS GATOS, CA 95032
(VESTEE)

SUSAN HORN
233 FORESTER ROAD
LOS GATOS, CA 95032
(VESTEE)

RALF HORN
233 FORRESTER ROAD
LOS GATOS, CALIFORNIA 95030
(VESTEE)

RALPH HORN
233 FORRESTER ROAD
LOS GATOS, CALIFORNIA 95030
(VESTEE)

SUZANNE M. HORN
233 FORRESTER ROAD
LOS GATOS, CALIFORNIA 95030
(VESTEE)

SUZANNE HORN
233 FORRESTER ROAD
LOS GATOS, CALIFORNIA 95030
(VESTEE)

SUSAN HORN
233 FORRESTER ROAD
LOS GATOS, CALIFORNIA 95030
(VESTEE)

RALF HORN
233 FORRESTER ROAD
LOS GATOS, CALIF. 95030
(VESTEE)

RALPH HORN
233 FORESTER ROAD
LOS GATOS, CALIF. 95030
(VESTEE)

SUZANNE M. HORN
233 FORESTER ROAD
LOS GATOS, CALIF. 95030
(VESTEE)

SUZANNE HORN
233 FORESTER ROAD
LOS GATOS, CALIF. 95030
(VESTEE)

SUSAN HORN
233 FORESTER ROAD
LOS GATOS, CALIF. 95030
(VESTEE)

RALF HORN
16571 TOPPING WAY
LOS GATOS, CA 95032
(VESTEE)

RALPH HORN
16571 TOPPING WAY
LOS GATOS, CA 95032
(VESTEE)

SUZANNE M. HORN
16571 TOPPING WAY
LOS GATOS, CA 95032
(VESTEE)

SUZANNE HORN
16571 TOPPING WAY
LOS GATOS, CA 95032
(VESTEE)

SUSAN HORN
16571 TOPPING WAY
LOS GATOS, CA 95032
(VESTEE)

ANDREW A. LEWIS
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

LINCOLN TRUST COMPANY, CUSTODIAN
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

HERB RIBSTEIN
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

JUNE RIBSTEIN
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

NORMAN L. GOULD
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

CAROL J. GOULD
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

CAROL SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

LORETTA SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

ANTHONY GUINNANE
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

ELIZABETH G. GUINNANE
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

STANLEY J. POPOWSKI
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

MICHAEL PICCARDO
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

MARIE PICCARDO
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

LAWRENCE TROXELL
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

MARIANNE TROXELL
C/O INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 16)

ANDREW A. LEWIS
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

LINCOLN TRUST COMPANY, CUSTODIAN
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

HERB RIBSTEIN
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

JUNE RIBSTEIN
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

NORMAN L. GOULD
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

CAROL J. GOULD
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

CAROL SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

LORETTA SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

ANTHONY GUINNANE
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

ELIZABETH G. GUINNANE
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

STANLEY J. POPOWSKI
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

MICHAEL PICCARDO
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

MARIE PICCARDO
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

LAWRENCE TROXELL
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

MARIANNE TROXELL
C/O THE FORECLOSURE COMPANY, INC.
FC# 00-110-A
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

ANDREW A. LEWIS
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

LINCOLN TRUST COMPANY, CUSTODIAN
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

HERB RIBSTEIN
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

JUNE RIBSTEIN
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

NORMAN L. GOULD
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

CAROL J. GOULD
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

CAROL SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

LORETTA SANFILIPPO
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

ANTHONY GUINNANE
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

ELIZABETH G. GUINNANE
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

STANLEY J. POPOWSKI
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

MICHAEL PICCARDO
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

MARIE PICCARDO
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

LAWRENCE TROXELL
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

MARIANNE TROXELL
C/O INVESTMENT GRADE LOANS, INC.
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2205 S. BASCOM AVENUE
CAMPBELL, CA 95008
(REFERS TO ITEM(S) 16)

ANDREW A. LEWIS
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

LINCOLN TRUST COMPANY, CUSTODIAN
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

HERB RIBSTEIN
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

JUNE RIBSTEIN
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

NORMAN L. GOULD
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

CAROL J. GOULD
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

CAROL SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

LORETTA SANFILIPPO
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

ANTHONY GUINNANE
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

ELIZABETH G. GUINNANE
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

STANLEY J. POPOWSKI
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

MICHAEL PICCARDO
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

MARIE PICCARDO
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

LAWRENCE TROXELL
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

MARIANNE TROXELL
C/O THE FORECLOSURE COMPANY, INC.
FC# 02-205-A
2942 SOUTH BASCOM AVENUE, STE. A
SAN JOSE, CALIFORNIA 95124
(REFERS TO ITEM(S) 16)

ANDREW A. LEWIS
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

LINCOLN TRUST COMPANY, CUSTODIAN
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

HERB RIBSTEIN
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

JUNE RIBSTEIN
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

NORMAN L. GOULD
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

CAROL J. GOULD
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

CAROL SANFILIPPO
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

PHILIP SANFILIPPO
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

LORETTA SANFILIPPO
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION: SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

ANTHONY GUINNANE
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION: SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

ELIZABETH G. GUINNANE
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION: SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

STANLEY J. POPOWSKI
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION: SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

MICHAEL PICCARDO
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION: SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

MARIE PICCARDO
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION: SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

LAWRENCE TROXELL
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION: SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

MARIANNE TROXELL
C/O INVESTMENT GRADE LOANS, AS TRUSTEE
C/O THE FORECLOSURE COMPANY, INC.
ATTENTION:  SHAROL LANG
2942 SO. BASCOM AVE., STE. A
SAN JOSE, CA 95124
(REFERS TO ITEM(S) 16)

COMERICA BANK-CALIFORNIA
333 W. SANTA CLARA STREET
SAN JOSE, CALIFORNIA 95113
(REFERS TO ITEM(S) 17)

COMERICA BANK-CALIFORNIA
ATTN:  SUANNE MINGRONE
333 W. SANTA CLARA STREET, SECOND FLOOR
SAN JOSE, CA 95113
(REFERS TO ITEM(S) 17)

COMERICA BANK-CALIFORNIA
C/O CONSOLIDATED RECONVEYANCE COMPANY
T.S. # 47931-GUS5 BM
24011 VENTURA BLVD., SECOND FLOOR
CALABASAS, CA 91302
(REFERS TO ITEM(S) 17)

COMERICA BANK-CALIFORNIA
C/O COMMERCIAL GRADE LOANS
289 S. SAN ANTONIO RD.
LOS ALTOS, CA 94022
(REFERS TO ITEM(S) 17)

DONALD A. COCHRANE
21975 ARROWHEAD LANE
SARATOGA CA 95070
(REFERS TO ITEM(S) 19)

DONALD A. COCHRANE
219775 ARROWHEAD LN
SARATOGA CA 95070
(REFERS TO ITEM(S) 19, 20, 21)

PAMELA L. COCHRANE
C/O DONALD A. COCHRANE
219775 ARROWHEAD LN
SARATOGA CA 95070
(REFERS TO ITEM(S) 20, 21)

PAMELA L. COCHRANE
219775 ARROWHEAD LN
SARATOGA CA 95070
(REFERS TO ITEM(S) 20, 21)

DONALD A. COCHRANE, TRUSTEE
21975 ARROWHEAD LANE
SARATOGA, CA 95070
(REFERS TO ITEM(S) 23)

PAMELA L. COCHRANE, TRUSTEE
21975 ARROWHEAD LANE
SARATOGA, CA 95070
(REFERS TO ITEM(S) 23)

DONALD A. COCHRANE, TRUSTEE
21975 ARROWHEAD LN
SARATOGA CA 95070
(REFERS TO ITEM(S) 26)

PAMELA L. COCHRANE, TRUSTEE
21975 ARROWHEAD LN
SARATOGA CA 95070
(REFERS TO ITEM(S) 26)

GREGORY K. MARVIN
5189 SELINDA WAY
LOS GATOS, CA 95032
(REFERS TO ITEM(S) 29)

KATHLEEN M. MARVIN
5189 SELINDA WAY
LOS GATOS, CA 95032
(REFERS TO ITEM(S) 29)

WILLIAM D. TOTTON
P. O. BOX 5643
SAN JOSE, CA 95150
(REFERS TO ITEM(S) 30)

WILLIAM TOTTON
P. O. BOX 5643
SAN JOSE, CA 95150
(REFERS TO ITEM(S) 31)

H & R CONSULTANTS, INC.
233 FORRESTER ROAD
LOS GATOS, CALIFORNIA 95032
(REFERS TO ITEM(S) 32)

H & R CONSULTANTS, INC.
233 FORESTER ROAD
LOS GATOS, CA 95032
(REFERS TO ITEM(S) 32)

H & R CONSULTANTS, INC.
233 FORESTER ROAD
LOS GATOS, CALIFORNIA 95030
(REFERS TO ITEM(S) 32)

H & R CONSULTANTS, INC.
233 FORESTER ROAD
LOS GATOS, CALIF. 95030
(REFERS TO ITEM(S) 32)

H & R CONSULTANTS, INC.
C/O RALF HORN
16571 TOPPING WAY
LOS GATOS, CA 95032
(REFERS TO ITEM(S) 32)

H & R CONSULTANTS, INC.
C/O SUZANNE HORN
16571 TOPPING WAY
LOS GATOS, CA 95032
(REFERS TO ITEM(S) 32)

MORTEZA ARDALAN
1424 MAYSUN COURT
CAMPBELL, CA. 95008
(REFERS TO ITEM(S) 33)

NAZY ARDALAN
1424 MAYSUN COURT
CAMPBELL, CA. 95008
(REFERS TO ITEM(S) 33)

SEVILLE MAINTENANCE, INC., DBA SEVILLE LANDSCAPING & MAINTENANCE COMPANY
C/O AHERNE, LEONIDOU & ROSIN, PROFESSIONAL CORPORATION
JANETTE G. LEONIDOU, JAMES G. LUCIER
5 THOMAS MELLON CIRCLE, SUITE 205
SAN FRANCISCO, CA 94134-2501
(REFERS TO ITEM(S) 36)

NEW WORLD POWER
333 LUDLOW ST. 1ST FLOOR
STAMFORD, CT. 06902
(REFERS TO ITEM(S) 37)

THE NEW WORLD POWER CORPORATION
C/O SHIPMAN & GOODWIN
JOHN LAWRENCE
ONE AMERICAN ROW
HARTFORD, CT 06103-2819
(REFERS TO ITEM(S) 38)

ELECTRIC POWER FUND I, LLC
C/O SHIPMAN & GOODWIN
JOHN LAWRENCE
ONE AMERICAN ROW
HARTFORD, CT 06103-2819
(REFERS TO ITEM(S) 38)

THE FREDERICK M. AND LUCINDA BLOOM TRUST
C/O SHIPMAN & GOODWIN
JOHN LAWRENCE
ONE AMERICAN ROW
HARTFORD, CT 06103-2819
(REFERS TO ITEM(S) 38)

JOHN D. KUHNS
C/O SHIPMAN & GOODWIN
JOHN LAWRENCE
ONE AMERICAN ROW
HARTFORD, CT 06103-2819
(REFERS TO ITEM(S) 38)

KENNETH I. TAN
15680 SHANNON HEIGHTS ROAD
LOS GATOS CA 95032
(REFERS TO ITEM(S) 39)

JAYNE K. TAN
15680 SHANNON HEIGHTS ROAD
LOS GATOS CA 95032
(REFERS TO ITEM(S) 39)

KEN TSUMURA
3204 OAKLEY DRIVE
LOS ANGELES, CA. 90068
(REFERS TO ITEM(S) 40)

4.    THE NAME(S) AND ADDRESS(ES) OF STATE, FEDERAL AGENCIES OR THE INTERNAL
REVENUE SERVICE WHICH, AS PROVIDED BY SECTION 2924b(c)(3) AND SECTION 2924b(c)(4)
OF THE CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF ANY RECORDED 'NOTICE OF
SALE' ARE:

STATE OF CALIFORNIA
FRANCHISE TAX BOARD
SPECIAL PROCEDURES SECTION
PO BOX 2952
SACRAMENTO, CA 95812-2952
(REFERS TO ITEM(S) 24, 34)

STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT
LIEN GROUP, MIC 92G
P.O. BOX 826880
SACRAMENTO, CALIFORNIA 94280-0001
(REFERS TO ITEM(S) 28, 42)

5.	THE NAME(S) AND ADDRESS(ES) OF THE PERSON(S) DISCLOSED BY THE RECORDS EXAMINED, OTHER THAN THOSE TO WHOM 'NOTICE' IS REQUIRED BY SECTION 2924b OF THE CIVIL CODE, WHO MIGHT BE INTERESTED IN RECEIVING A COPY OF ANY RECORDED 'NOTICE OF DEFAULT' OR A COPY OF ANY RECORDED 'NOTICE OF SALE' ARE:

JONATHAN NEIL & ASSOCIATES, INC.
C/O HAROLD B. GLASSBERG
GLASSBERG, POLLAK & ASSOCIATES
FILE #:  20A6870
44 MONTGOMERY ST., SUITE 1660
SAN FRANCISCO, CA 94104
(REFERS TO ITEM(S) 22)

JONATHAN NEIL & ASSOCIATES, INC.
C/O GLASSBERG, POLLAK & ASSOCIATES
44 MONTGOMERY STREET, SUITE # 1660
SAN FRANCISCO, CA 94104
(REFERS TO ITEM(S) 22)

POLCRAFT, INC.
C/O JESSE W. JACK, ESQ., THOMAS P. KEEGAN, ESQ.
LAW OFFICES OF JACK & KEEGAN, LLP
1840 THE ALAMEDA
SAN JOSE, CA 95126
(REFERS TO ITEM(S) 25)

POLCRAFT, INC.
C/O JESSE W. JACK, ESQ
JACK & KEEGAN, LLP
1840 THE ALAMEDA
SAN JOSE, CA 95126
(REFERS TO ITEM(S) 25)

CREDIT CONSULTING SERVICES, INC.
P.O. BOX 5879
SALINAS, CA 93915-5879
(REFERS TO ITEM(S) 27)

MACDONALD BRYAN, ON BEHALF OF CREDIT CONSULTING SERVICES, INC.
(CSS/1713781/RG)
P O BOX 5879
SALINAS CA 93915-5879
(REFERS TO ITEM(S) 27)

AUTOMATION CONTROLS GROUP
C/O AMY L GORDON
TAYLOR GORDON LAW GROUP
20008908
330 PRIMROSE ROAD
BURLINGAME, CALIFORNIA 94010
(REFERS TO ITEM(S) 35)

AUTOMATION CONTROLS GROUP
C/O TAYLOR GORDON LAW GROUP, P.C.
P.O. BOX 117609
BURLINGAME, CA 94010
(REFERS TO ITEM(S) 35)

STEPHEN COOPER
C/O CHARLES A. KOSS
GAGEN, MCCOY, MCMAHON & ARMSTRONG
279 FRONT STREET
DANVILLE, CA 94526-0218
(REFERS TO ITEM(S) 41)

STEPHEN COOPER
C/O CHARLES A. KOSS
GAGEN, MCCOY, MCMAHON & ARMSTRONG
P. O. BOX 218
DANVILLE, CA 94526-0218
(REFERS TO ITEM(S) 41)

VALLEY OF CALIFORNIA INC DBA COLDWELL BANK BROKER
C/O CHARLES A. KOSS
GAGEN, MCCOY, MCMAHON & ARMSTRONG
279 FRONT STREET
DANVILLE, CA 94526-0218
(REFERS TO ITEM(S) 41)

VALLEY OF CALIFORNIA INC DBA COLDWELL BANK BROKER
C/O CHARLES A. KOSS
GAGEN, MCCOY, MCMAHON & ARMSTRONG
P. O. BOX 218
DANVILLE, CA 94526-0218
(REFERS TO ITEM(S) 41)

STEPHEN COOPER
C/O GAIL S. COOPER-FOLB
COOPER-FOLB LAW OFFICES
100 NO. BRAND BL., SUITE 403
GLENDALE, CA 91203
(REFERS TO ITEM(S) 43)

6.    CITY IN WHICH SAID LAND IS LOCATED:  LOS GATOS

      IF NOT IN A CITY, JUDICIAL DISTRICT IN WHICH SAID LAND IS LOCATED:

7.    LEGAL PUBLICATION:

      SAN JOSE MERCURY NEWS
      750 RIDDER PARK DRIVE
      SAN JOSE, CALIFORNIA 95190

      TELEPHONE: 408 920-5332
      FAX: 408 920-5271

      PUBLISHED: DAILY

8.  ATTENTION IS CALLED TO THE SERVICEMEMBERS CIVIL RELIEF ACT OF 2003 (108 P.L. 189; 117 STAT. 2835; 2003 ENACTED H.R.100) AND AMENDMENTS THERETO AND THE MILITARY RESERVIST ACT OF 1991 (SEC. 800 TO 810, MILITARY VETERANS CODE) WHICH CONTAIN INHIBITIONS AGAINST THE SALE OF LAND UNDER A DEED OF TRUST IF THE OWNER IS ENTITLED TO THE BENEFITS OF SAID ACTS.

9.  ATTENTION IS CALLED TO THE FEDERAL TAX LIEN ACT OF 1966 (PUBLIC LAW 89-719) WHICH, AMONG OTHER THINGS, PROVIDES FOR THE GIVING OF WRITTEN NOTICE OF SALE IN A SPECIFIED MANNER TO THE SECRETARY OF THE TREASURY OR HIS OR HER DELEGATE AS A REQUIREMENT FOR THE DISCHARGE OR DIVESTMENT OF A FEDERAL TAX LIEN IN A NONJUDICIAL SALE, AND ESTABLISHES WITH RESPECT TO SUCH A LIEN A RIGHT IN THE UNITED STATES TO REDEEM THE PROPERTY WITHIN A PERIOD OF 120 DAYS FROM THE DATE OF ANY SUCH SALE.

10. ATTENTION IS CALLED TO SECTION 2924b(c)(3) AND SECTION 2924b(c)(4) OF THE CIVIL CODE, WHICH AMONG OTHER THINGS, PROVIDES FOR THE GIVING OF WRITTEN NOTICE OF ANY RECORDED 'NOTICE OF SALE', IN A SPECIFIED MANNER, TO THE OFFICE OF ANY STATE TAXING AGENCY, IN SACRAMENTO, CA., WHICH HAS A 'NOTICE OF TAX LIEN' OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

11. ATTENTION IS CALLED TO SECTION 2934a OF THE CIVIL CODE CONCERNING ANY 'SUBSTITUTION OF TRUSTEE', REQUIRING THAT WHEN SUBSTITUTION IS BEING EFFECTED UNDER THE PROVISIONS OF THAT SECTION, 'NOTICE' BE SENT IN ACCORDANCE WITH THE REQUIREMENTS OF SECTION 2924b OF THE CIVIL CODE.

Case No.:   08-54753 M
RS No.:   KMR-2628

Hearing   Date: 05/06/2009
Time:  2:00PM
Place:  280 S. First Street
San Jose, CA

| Date Due | Amount Due | Date Received | Amount Received | Check No. | Late Charge | Payment Applied |
|---|---|---|---|---|---|---|
| 12/01/2007 | 26,381.81 | | 0.00 | | | |
| 01/01/2008 | 26,381.81 | | 0.00 | | | |
| 02/01/2008 | 26,381.81 | | 0.00 | | | |
| 03/01/2008 | 26,381.81 | | 0.00 | | | |
| 04/01/2008 | 23,268.77 | | 0.00 | | | |
| 05/01/2008 | 23,268.77 | | 0.00 | | | |
| 06/01/2008 | 23,268.77 | | 0.00 | | | |
| 07/01/2008 | 23,268.77 | | 0.00 | | | |
| 08/01/2008 | 23,268.77 | | 0.00 | | | |
| 09/01/2008 | 23,268.77 | | 0.00 | | | |
| 10/01/2008 | 23,268.77 | | 0.00 | | | |
| 11/01/2008 | 23,268.77 | | 0.00 | | | |
| 12/01/2008 | 23,268.77 | | 0.00 | | | |
| 01/01/2009 | 23,268.77 | | 0.00 | | | |
| 02/01/2009 | 23,268.77 | | 0.00 | | | |

EXHIBIT 4